Mark E. Parker Patrolman Forth Smith Police Department 1514 6th Terr. Barling, AR 72923
Dear Mr. Parker:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request has been presented to the Fort Smith Police Department for a copy of your Internal Affairs file. It is my understanding that this file contains records pertaining to an investigation conducted by the Department concerning an unsolicited complaint that was filed against you by an outside party. It my understanding further that the Department's usual policy is to release records of this nature.
I am directed by law to issue my opinion as to whether the determination of custodian of the records regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
As an initial matter, I must note that I have not been provided with copies of the records that are contained in the Internal Affairs file. I therefore cannot opine definitively concerning the release of any particular record. Nevertheless, I will discuss the legal standards that govern this type of file.
It is my opinion that records in an Internal Affairs file that have been generated at the instance of the Department in the course of investigating a complaint against an employee constitute "employee evaluation/job performance records," within the meaning of the FOIA. The FOIA does not define the term "employee evaluation/job performance records." I have taken the position that records relating to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g., Op. Att'y Gen. No. 2001-055. I have also taken the position that records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct, should be deemed the "employee evaluation/job performance records" of that employee. See Ops. Att'y Gen. Nos. 2000-231; 2000-203; 2000-130; 1999-361; 1999-359. (It should be noted, as discussed hereinafter, that the complaint itself does not fall within this category of records.)
"Employee evaluation/job performance records" may not be released unless the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined by the custodian. Any employee evaluation/job performance records in your Internal Affairs file can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
In the final analysis, the question of whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
It is my opinion, as previously noted, that the complaint record itself does not constitute an employee evaluation/job performance record. Rather, it constitutes a "personnel record," within the meaning of the FOIA. This office has taken the general position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. Nos. 2000-175; 2000-059; 99-244; 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134. Moreover, this office has specifically found that unsolicited complaints about employees constitute those employees' "personnel records." See Ops. Att'y Gen. Nos. 2000-175; 2000-058.
Therefore, the complaint record itself, as well as any other records in the Internal Affairs file that are not employee evaluation/job performance records and that constitute "personnel records" must be evaluated under the standard of disclosability for personnel records. Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee whose records they are. A.C.A. § 25-19-105(b)(10). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and has adopted a balancing test to determine whether it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the personnel records must be disclosed. It should be noted that the court has deemed the public's interest to be outweighed by the individual's interest only when the information contained in the record relates intimate details of the individual's life — details which if released, might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. See, e.g., Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). The complaint record and any other "personnel records" in your file must be evaluated under this standard.
Some of the records contained in the Internal Affairs file may not constitute either employee evaluation/job performance records or personnel records. Such records must be evaluated by the custodian to determine whether they are subject to other specific exemptions from disclosure. For example, medical and scholastic records in the file would be exempt from disclosure under A.C.A. § 25-19-105.
Finally, it should be noted that the custodian should review individually all records that are released to determine whether they contain specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the records prior to their release. For example, if the records contain social security numbers, they should be redacted. See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See,e.g., Op. Att'y Gen. No. 99-054. Under certain specialized circumstances where the facts indicate that the employee in question has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998); Op. Att'y Gen. No. 99-054.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh